```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
  UNITED STATES OF AMERICA,                                   :
                                  Plaintiff,                  :
                                                              :         19 Cr. 670-01 (LGS)
                -against-                                     :
                                                              :              ORDER
  SHOENDALE JARRETT,                                          :
                                  Defendant.                  :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

    WHEREAS, on the morning of August 21, 2019, in the Bronx, there was an altercation at a dice game where one person was shot and then physically attacked by the shooter.

    WHEREAS, after significant investigation, Officer Milton Ortiz viewed surveillance footage of the incident and identified Defendant as the shooter. Officer Ortiz identified Defendant based on a prior interaction where Officer Ortiz issued a summons to Defendant for a parking violation and subsequently saw Defendant on two or three occasions. After watching the video recordings and recognizing Defendant, Officer Ortiz reviewed Defendant's social media posts.

    WHEREAS, after Defendant was identified by Officer Ortiz, Defendant was identified by three parole officers comprising Officer Hicks, Officer Ferrar, and Officer Williams. Officer Hicks and Officer Ferrar were informed prior to viewing the video recordings that Defendant was suspected to appear in the video recordings. Officer Williams cannot recall whether anyone told him that Defendant was suspected to appear in the video recordings.

    WHEREAS, on December 14, 2020, Defendant moved to exclude and suppress this identification evidence or, in the alternative, for a *Wade* hearing pursuant to *United States v. Wade*, 388 U.S. 218 (1967).

    WHEREAS, the Government consents to a *Wade* hearing regarding the parole officers' identifications but does not consent to a *Wade* hearing regarding Officer Ortiz's identification.

WHEREAS, Defendant raises several concerns about Officer Oritz's identification including that the Government has not provided any information about the context in which Officer Ortiz made his identification, it is "highly unlikely" that Officer Ortiz "had heard nothing about who his colleagues suspected was the shooter before he made his 'identification'" and Officer Ortiz's review of Defendant's social media posts is a highly irregular procedure.

WHEREAS, "while this Circuit has a preference for holding a *Wade* hearing upon a defendant's request, *see United States v. Archibald*, 734 F.2d 938, 941 (2d Cir. 1984), a defendant is not automatically entitled to a *Wade* hearing." *United States v. Ikoli*, 16 Crim. 148, 2017 WL 396681, at *3 (S.D.N.Y. Jan. 26, 2017). "A defendant may not baldly request a *Wade* hearing," but rather must "allege facts supporting his contention that the identification procedures used were impermissibly suggestive." *United States v. Chanler*, 164 F. Supp. 3d 368, 383 (E.D.N.Y. 2016) (citation omitted). "This is consistent with the broader rule that evidentiary hearings on suppression motions are required only if 'the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude contested issues of fact' are in question." *United States v. Durant*, 18 Crim. 702, 2019 WL 223233, at *3 (S.D.N.Y. May 15, 2019) (citing *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992)).

WHEREAS, in light of the COVID-19 pandemic, counsel, Defendant and the Court cannot easily convene in person for a *Wade* hearing. However, Defendant can knowingly and voluntarily waive his right to be physically present at a *Wade* hearing. If Defendant waives his right to be physically present at a *Wade* hearing, the hearing will proceed remotely via videoconference. If Defendant chooses not to waive, the hearing will proceed in person. It is hereby

**ORDERED** that a *Wade* hearing will be held as to the identifications of Officer Hicks, Officer Ferrar and Officer Williams on a date to be determined. It is further

**ORDERED** that by **February 18, 2021**, the Government shall file a letter stating what prompted the investigating officers to ask Officer Ortiz to view the videos and whether they asked any other officers in the

precinct to do so; when in the chronology of events Officer Ortiz identified Defendant *to the investigating officers* as the person in the videos (as distinct from when he "believed" that the shooter was the Defendant, and when he "recognized" the Defendant) and specifically whether he made the identification to the other officers before or after viewing Defendant's social media posts; whether Officer Ortiz was aware of anything about the suspected identity of the shooter before viewing the videos, and before making the identification and in each case what he was aware of; and what prompted Officer Ortiz to review Defendant's social media posts as well as where and when he did so.  It is further

**ORDERED** that as soon as possible but no later than **February 18, 2021**, the parties shall file a joint letter stating how long they expect the hearing to last (with and without Officer Ortiz) and whether they consent to the Court conducting this proceeding via videoconference.  If Defendant consents and if feasible, Defendant should sign and submit the attached waiver of personal appearance form.

Dated: February 12, 2021
       New York, New York

                                            **LORNA G. SCHOFIELD**
                                            **UNITED STATES DISTRICT JUDGE**

April 2, 2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA

                -v-

                ,
                Defendant.
-------------------------------------------------------------X

**WAIVER OF RIGHT TO BE PRESENT AT CRIMINAL PROCEEDING**

_____-CR-_____(___) (___)

**Check Proceeding that Applies**

____ Arraignment

I have been given a copy of the indictment containing the charges against me and have reviewed it with my attorney. I understand that I have a right to appear before a judge in a courtroom in the Southern District of New York to confirm that I have received and reviewed the indictment; to have the indictment read aloud to me if I wish; and to enter a plea of either guilty or not guilty before the judge. After consultation with my attorney, I wish to plead not guilty. By signing this document, I wish to advise the court of the following. I willingly give up my right to appear in a courtroom in the Southern District of New York to advise the court that**:**

    1)    I have received and reviewed a copy of the indictment.
    2)    I do not need the judge to read the indictment aloud to me.
    3)    I plead not guilty to the charges against me in the indictment.

Date:    _____
               Signature of Defendant

               _____
               Print Name

____ Bail Hearing

I am applying or in the future may apply for release from detention, or if not detained, for modification of the conditions of my release from custody, that is, my bail conditions. I understand that I have a right to appear before a judge in a courtroom in the Southern District of New York at the time that my attorney makes such an application. I have discussed these rights with my attorney and wish to give up these rights for the period of time in which access to the courthouse has been restricted on account of the COVID-19 pandemic. I request that my attorney be permitted to make applications for my release from custody or for modification of the conditions of my release even though I will not be present, and to make such applications in writing or by telephone in my attorney's discretion.

Date:    _____
               Signature of Defendant

               _____
               Print Name

____    Conference

I have been charged in an indictment with violations of federal law.  I understand that I have a right to be present at all conferences concerning this indictment that are held by a judge in the Southern District of New York, unless the conference involves only a question of law.  I understand that at these conferences the judge may, among other things, 1) set a schedule for the case including the date at which the trial will be held, and 2) determine whether, under the Speedy Trial Act, certain periods of time should be properly excluded in setting the time by which the trial must occur.  I have discussed these issues with my attorney and wish to give up my right to be present at the conferences.  By signing this document, I wish to advise the court that I willingly give up my right to be present at the conferences in my case for the period of time in which access to the courthouse has been restricted on account of the COVID-19 pandemic.  I request that my attorney be permitted to represent my interests at the proceedings even though I will not be present.

Date:   _____
          Signature of Defendant

          _____
          Print Name

I hereby affirm that I am aware of my obligation to discuss with my client the charges contained in the indictment, my client's rights to attend and participate in the criminal proceedings encompassed by this waiver, and this waiver form.  I affirm that my client knowingly and voluntarily consents to the proceedings being held in my client's absence.  I will inform my client of what transpires at the proceedings and provide my client with a copy of the transcript of the proceedings, if requested.

Date:   _____
          Signature of Defense Counsel

          _____
          Print Name

**Addendum for a defendant who requires services of an interpreter:**

I used the services of an interpreter to discuss these issues with the defendant.  The interpreter also translated this document, in its entirety, to the defendant before the defendant signed it.  The interpreter's name is: _____.

Date:   _____
          Signature of Defense Counsel

**Accepted:**  _____
          Signature of Judge
          Date:

2