# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

March 11, 2021

*VIA ECF*
The Honorable Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

> For substantially the same reasons stated in the Order at Dkt. No. 38, the application is **DENIED**. The parties shall be ready to proceed to trial by April 12, 2021.
>
> SO ORDERED.
>
> Dated: March 11, 2021
> New York, New York
>
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

Re:   *United States v. Shoendale Jarrett,* 19 CR 670 (LGS)

Dear Judge Schofield:

I write to renew my request for an adjournment of Mr. Jarrett's trial, tentatively scheduled to begin on April 12, 2021.

By Order dated March 3, 2021, the Court informed the parties that, due to a limited number of courtrooms available for jury trials during the pandemic, Mr. Jarrett's trial is "scheduled as a back-up for April 12, 2021, and is second in line to commence on that date." The Court intends to tell the parties the viability of the currently-scheduled trial date at our final pretrial conference on April 2.

My request for an adjournment is grounded primarily in the reasons I have previously articulated to the Court. I, like tens of thousands of working-parents, am in the midst of a childcare crisis of epic proportions. I am the mother to two school-aged children, neither of whom have been physically inside a school-classroom in over a year. All of the services on which I previously relied in order to function as a working member of society are gone. It's not just school; my family no longer has affordable after-school or back-up babysitters. I am entirely responsible for supervising my children and overseeing their remote educations, while also working a full-time job with tremendous responsibilities.

As the Court surely knows, preparing for a trial and trying a case is the most important, and relatedly time-consuming, work we do as criminal defense attorneys. It is

The Honorable Lorna Schofield                                                                                                     Page 2
March 11, 2021

        Re:    *United States v. Shoendale Jarrett,* 19 CR 670 (LGS)

overly burdensome, if not impossible, to effectively prepare for trial under the current circumstances. And, based on the Court's Order, it now appears that the trial may not even begin on April 12. The parties, of course, still must prepare for an April 12th start, since we will not have confirmation whether the trial is on or off until 10 days before that day.

        I also have other personal concerns with going forward with the April date. I understand that in a trial currently ongoing before Judge Rakoff, a juror recently tested positive for coronavirus. The juror was dismissed, an alternate was seated, and the trial continued without interruption, despite the possibility that everyone involved in the trial was exposed to the virus. I am uncomfortable with starting a trial where exposure to coronavirus remains a real concern. Although I am fully vaccinated, my family to whom I return every night--including a young child who has a pulmonary condition--is not.

        When I previously raised these issues, the government opined that the solution was to replace me with other trial counsel. The government's suggested solution is misguided. While the government is correct that two other attorneys from my office are noticed as counsels-of-record, I am the most senior member of the trial team. I also am the lead attorney who primarily has the attorney-client relationship with Mr. Jarrett. What is more, my colleagues at the Federal Defenders are also struggling with the burdens placed on our practice by COVID. In short, it is not as simple as reassigning the case.

        I have discussed at length the instant request with my client and he supports an adjournment. As the Court will remember, Mr. Jarrett is in the community pursuant to bail conditions. He has a perfect record of compliance. Indeed, at pretrial services' recommendation, Mr. Jarrett's level of supervision was downgraded because of his pristine record while on pretrial release. He is working and has earned promotions at his job over the last year. He is supporting his family, including his newborn son.

        While Mr. Jarrett consents to an adjournment, I understand from the defense bar that there is a long list of defendants (mostly incarcerated) who oppose trial adjournments. An adjournment here, therefore, further serves the interests of justice by freeing up the limited number of trial-courtrooms for defendants who are incarcerated, unwilling to consent to the exclusion of speedy trial time, and whose trials may result in their release.

The Honorable Lorna Schofield  Page 3
March 11, 2021

      Re:    *United States v. Shoendale Jarrett,* 19 CR 670 (LGS)

      For all of these reasons, I ask that the trial be adjourned until a date after the public schools open full-time which, I am hopeful, will be this upcoming September.

Respectfully submitted,

/s/ Julia Gatto
Julia L. Gatto
Assistant Federal Defenders
(212) 417-8700


cc:    A.U.S.A. Thomas Wright (via ECF)