UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| UNITED STATES OF AMERICA | **Protective Order Re: Jury Records** |
|---|---|
| - v - | **19 CR 670 (LGS)** |
| SHOENDALE JARRETT, | |
| Defendant. | |

Upon the application of the United States of America, with the consent of the undersigned defense counsel, and the defendant having requested certain records and papers used in connection with the constitution of the Master and Qualified Jury Wheels in the United States District Court for the Southern District of New York and certain other records and papers tied to jury selection (the "Jury Records"), pursuant to the Fifth and Sixth Amendments to the United States Constitution and the Jury Selection and Service Act, 28 U.S.C. §§ 1867(a) and (f), the Court hereby finds and orders as follows:

1. **Jury Administrator.**  The Jury Administrator of the Southern District of New York (the "Jury Administrator") has previously indicated that certain Jury Records reveal personal identifying information that would be burdensome to redact ("Sensitive Information").

2. **Jury Selection and Service Act.**  Pursuant to 28 U.S.C. § 1867(f) and subject to the additional limitations set forth below, the Jury Records provided to the parties shall not be disclosed to third parties except "as may be necessary in the preparation or presentation of a motion" under 28 U.S.C. § 1867(a), (b), or (c).

**Good Cause.**  There is good cause for entry of the protective order set forth herein.

**Accordingly, it is hereby Ordered:**

Pursuant to 28 U.S.C. § 1867(f) and consistent with the additional limitations set forth in this Protective Order, the parties shall be allowed to inspect, reproduce, and copy the Jury Records at all reasonable times during the preparation and pendency of a motion under 28 U.S.C. § 1867(a), (b), or (c).

Pursuant to 28 U.S.C. § 1867(f), any person who discloses the Jury Records in violation of 28 U.S.C. § 1867(f) shall be subject to potential penalties as set forth in that provision.

Each of the individuals to whom disclosure of the Jury Records is made (including anyone providing legal, investigative, secretarial, technological, clerical, paralegal, or other support services in connection with this criminal action and who is employed by, engaged by, advising or otherwise working at the direction of the parties, as well as any students or interns working for counsel) shall be provided a copy of this Protective Order by counsel; shall be advised by counsel of the terms and conditions and legal ramifications of this Protective Order, including that he or she shall not further disseminate or discuss the Jury Records and must follow the terms of this Protective Order, and that the Court can enforce the Protective Order against the person to whom the Jury Records are disclosed; and shall confirm to counsel that he or she will abide by the terms of the Protective Order.

All Jury Records are to be provided to the defendant, and used by defense counsel, solely for the purpose of allowing the defendant to prepare a motion under 28 U.S.C. § 1867, and that none of the Jury Records shall be used in any manner nor disseminated to any other third party in a manner that is inconsistent with the preceding paragraphs.

At the conclusion of this case, defense counsel shall return to the Jury Administrator all copies of the Jury Records provided in this case, together with any and all copies thereof, or shall

take all reasonably practicable steps to destroy such records, together with any and all copies thereof, which destruction defense counsel shall verify in writing.

The provisions of this Protective Order shall not be construed as preventing the disclosure of any information in any motion made under 28 U.S.C. § 1867, provided that redactions are made pursuant to Fed. R. Crim. P. 49.1 and ECF Rules & Instructions prior to any public filing.

### Retention of Jurisdiction

The provisions of this Protective Order shall not terminate at the conclusion of the case, and the Court will retain jurisdiction to enforce this Protective Order following termination of the case.

The parties are advised that the Court retains unfettered discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

By: _____   Date: March 24, 2021
THOMAS JOHN WRIGHT
Assistant United States Attorney
(212) 637-2295

_____   Date: March 24, 2021
TAMARA GIWA
Counsel for Defendant Shoendale Jarrett

SO ORDERED:

Dated: New York, New York
       March 25, 2021

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

3