**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

March 30, 2020

*VIA ECF*
The Honorable Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

> By **March 31, 2021, at 2 P.M.**, the parties shall respectively file letters with any law regarding the issue of disclosure to the Defendant discussed below. As soon as is practicable, the Government shall inform defense counsel of Individual-1's name, subject to a protective order "for lawyers' eyes only." The Court reserves on the issue of disclosure to Defendant.
>
> SO ORDERED.   Dated:  March 31, 2021   New York, New York
>
> **LORNA G. SCHOFIELD**
> **UNITED STATES DISTRICT JUDGE**

Re:   *United States v. Shoendale Jarrett,* 19 CR 670 (LGS)

Dear Judge Schofield:

I write to update the Court as to the parties' respective positions on the government's disclosure obligations regarding the identity of "Individual-1." The parties are in agreement that the government will disclose the name of the witness subject to a protective order. The parties, however, dispute the parameters of the protective order. The government proposes producing the witness's name subject to "attorney's eyes only." An "attorney's eyes only" designation does not permit Mr. Jarrett's lawyers to share the witness's name with Mr. Jarrett. The defense proposes entering into an agreement permitting the witness's name to be shared with our client and requiring both the lawyers and Mr. Jarrett not to disclose the witness's identity to any other party or use the witness's identity in any manner other than to defend against the charges.

Under the government's proposal, the legal team would be unable to discuss with Mr. Jarrett what, if any, information or opinions Mr. Jarrett has about the witness. The government's proposal operates to wholly exclude Mr. Jarrett from the decision-making process regarding whom his lawyers call during *his* trial. These limitations will discourage, if not entirely bar, Mr. Jarrett from calling the witness and effectively allows the government to make an end-run around the underpinnings of *Brady v. Maryland*. The defense's proposal fully addresses the government's concerns regarding the witness's safety and the integrity of its ongoing investigations, while also maintaining Mr. Jarrett's constitutional rights to a fair trial, effective representation, and a full defense.

Respectfully submitted,

/s/ Julia Gatto
Julia L. Gatto, Tamara Giwa, Neil Kelly
Assistant Federal Defenders

cc:   AUSAs Thomas John Wright/Christopher Clore (via ECF)